AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>MICHAEL DOHERTY<br><br>Defendant(s) | ) ) ) ) ) ) )    Case No.   6:15-mj- 1188 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __April 8, 2015__ in the county of __Seminole__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2422(b) | Attempted sexual enticement of a minor |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Rod Hyre, Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 4-9-2015

_____
Judge's signature

City and state: Orlando, Florida     Thomas B. Smith, U.S. Magistrate Judge
Printed name and title

STATE OF FLORIDA                                   CASE NO. 6:15-mj- 1188

COUNTY OF ORANGE

## AFFIDAVIT

### INTRODUCTION

I, Rod Hyre, after being duly sworn, depose and state:

1. For the past thirteen years, I have been employed as a Special Agent with the Federal Bureau of Investigation (FBI). I currently serve as the coordinator for the FBI Crimes Against Children/Innocent Images Unit ("Innocent Images Task Force") in Orlando.

2. As the coordinator for the FBI Innocent Images Task Force, my responsibilities include investigating possible criminal violations of Title 18 of the United States Code. I have received specialized training in the investigations of sex crimes, child exploitation, child pornography and computer crimes. I have been involved in investigations involving child pornography and online solicitation/enticement of a minor. I have participated in investigations of persons suspected of violating federal child pornography laws, including Title 18, United States Code, Sections 2252 and 2252A. I have also participated in investigations of persons suspected of violating federal laws pertaining to the enticement of minors under Title 18, United States Code, Section 2422(b). I have participated in various training courses for the investigation and enforcement of federal child pornography laws in which computers are used as the means for receiving, transmitting, and storing child pornography. Additionally, I have been involved in

authoring and participated in the execution of search warrants involving searches and seizures of computers, computer equipment, software and electronically stored information.

3. This affidavit is submitted in support of a criminal complaint against **MICHAEL DOHERTY (DOHERTY)** for the violation of Title 18, United States Code, Section 2422(b). As set forth in more detail below, there is probable cause that **DOHERTY**, using a facility and means of interstate commerce, that is, the Internet, did knowingly attempt to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which any person could be charged with a criminal offense under Florida law, that is, Lewd or Lascivious Battery, a violation of Fla. Stat. § 800.04, all in violation of Title 18, United States Code, Section 2422(b).

4. I make this affidavit from personal knowledge based on my participation in this investigation, information from other criminal investigators, information from other law enforcement officers, information from agency reports, and review of documents provided to me by these witnesses and law enforcement officers. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint, I have not set forth each and every fact learned during the course of this investigation.

5. Title 18, United States Code, Section 2422(b) prohibits a person from using a means and facility of interstate commerce to knowingly attempt to persuade, induce, entice, or coerce an individual who has not attained the age of

18 years to engage in sexual activity for which any person could be charged with a criminal offense.

## INVESTIGATION

6. On March 10, 2015, I, working in an undercover capacity, (hereinafter referred to as "UC"), responded to an advertisement on the internet stating, "Kindred Soul – Taboo Subject -m4w-48 (Orlando)." The body of the advertisement stated that the person posting the advertisement had previously been involved in and aroused by incestuous sexual encounters with family members. The UC responded by portraying an adult male who had a 10-year-old daughter who he was sexually abusing. DOHERTY responded by asking if he could talk to the UC further. DOHERTY told the UC that he (DOHERTY) had been sexually active within the last three years with his three nieces and one nephew who were all between the ages of 8 and 12. DOHERTY told the UC that children's parents were involved in the sexual abuse of their children and knew of DOHERTY's abuse of the children.

7. Over the next several days, DOHERTY and the UC continued discussing, via e-mail, the sexual abuse of the UC's 10-year-old daughter. The UC told DOHERTY about his (the UC's) sexual abuse of the child and DOHERTY told the UC that the UC should "encourage" the 10-year-old child's sexual nature. DOHERTY told the UC, "Children are sexual and they can put sex in context, but they needed to be treated respectfully with lots of love and support."

3

8. **DOHERTY** told the UC that he wanted to watch the UC have sex with the UC's 10-year-old daughter via Skype (an online streaming video communication service). **DOHERTY** also requested naked pictures of the child. **DOHERTY** wrote that if he got naked pictures of the 10-year-old he would not keep them but he would "just jerk off to them at that moment."

9. On March 24, 2015, **DOHERTY** wrote that he travelled to Florida on business and would like to "watch" the UC and the 10-year-old child. Based on the context of the prior communications, **DOHERTY** meant that he wanted to watch the UC sexually abuse the 10-year-old child. **DOHERTY** said he would like to meet and talk to the child. On March 25, 2015, **DOHERTY** e-mailed the UC and said that he could visit the UC and his daughter in early April and could host them at a hotel. **DOHERTY** stated, "I'm not sure about actual participation, but I would like to watch." The UC responded that if **DOHERTY** watched, he (**DOHERTY**) would likely join in the abuse. **DOHERTY** then responded, "You're likely right." On March 26, 2015, **DOHERTY** sent the UC several pictures of himself, including one in which he is holding his erect penis. When the UC asked **DOHERTY** whether the UC should show the picture of **DOHERTY**'s erect penis to the 10-year-old child, **DOHERTY** answered that the UC should show the child the picture.

10. On March 31, 2015, **DOHERTY** wrote the UC that he (**DOHERTY**) wanted to see the UC have sex with the 10-year-old first, and then **DOHERTY** "would be with her." When the UC asked **DOHERTY** what **DOHERTY** wanted

4

from the child, **DOHERTY** responded, "I would like to fuck her of course. Give her oral. If she wants to suck me that's fine." As the UC and **DOHERTY** continued to plan to meet in person, **DOHERTY** asked the UC if the 10-year-old child could show up to the meeting wearing a dress or skirt without wearing any "panties." **DOHERTY** said that knowing that the child did not have "panties" on "would really hit a big button for me." On April 2, 2015, **DOHERTY** said, "I'm really nervous about next week. I told myself I would never do THAT again. Yet here I am about to." **DOHERTY** wrote, "I switch back and forth between not going, going but just watching, and going and fucking and licking and cumming." On April 6, 2015, **DOHERTY** asked the UC if he (the UC) received and/or performed oral sex on the child. Later on the day of April 6, 2015, **DOHERTY** said that he had gotten a hotel room for April 8, 2015 in Lake Mary, Florida, where the UC told **DOHERTY** that he (the UC) and his daughter lived. Lake Mary is in Seminole County, Florida, which is in the Middle District of Florida. On April 8, 2015, **DOHERTY** e-mailed the UC in preparation for meeting the UC and his 10-year-old daughter, and asked, "Does she [the 10-year-old child] have a sex toy? Vibrator or dildo? Something to stimulate her clit vs penetrate."

11.  On April 8, 2015, the UC and **DOHERTY** finalized when and where they were going to meet prior to picking up the 10-year-old child from her school. That afternoon at approximately 3:30 p.m., **DOHERTY** exited his hotel in Lake Mary, Florida, and approached an FBI agent (acting in an undercover capacity) who **DOHERTY** believed to be the "father" he had been e-mailing with regarding

5

the sexual abuse of the "father's" 10-year-old child. **DOHERTY** and the undercover FBI agent exchanged greetings and then agents took **DOHERTY** into custody.

12. Agents advised **DOHERTY** of his Constitutional rights, and then **DOHERTY** agreed to speak to the agents. **DOHERTY** admitted that he had been using his iPhone, iPad, and work laptop computer to communicate with the "father" of a 10-year-old girl for the prior three to four weeks. **DOHERTY** said that the communications with this person (the UC "father") were centered on the sexual exploitation of the child. **DOHERTY** admitted to buying a Disney character-themed dress for the 10-year-old child on his way to the meeting with the "father" and requesting that the child not wear "panties" when she was to be picked up by her "father" (the UC) and **DOHERTY**. **DOHERTY** admitted that he asked the UC in a previous conversation if he (**DOHERTY**) should bring a dildo or vibrator to the meeting with the 10-year-old child for the purpose of stimulating the child's clitoris during sex. **DOHERTY** maintained that he had no reason to have reserved a hotel room in Lake Mary, Florida, other than for the purpose of meeting the UC and the 10-year-old child. **DOHERTY** admitted that he had masturbated due to the excitement of his conversations with the UC regarding having sex with the 10-year-old. **DOHERTY** said that he had been aware of his sexual attraction to children, which he termed a "fetish," for approximately nine years. **DOHERTY** admitted that he had posted stories he wrote about having sex with children for the last nine or ten years on an internet website. **DOHERTY** said that writing the

stories helped satisfy his "fetish" and "kink." DOHERTY said that he had a following on this website. DOHERTY admitted that he knew these stories would fuel the fire for other pedophiles regarding their desire to have sex with children. DOHERTY said that he only met with the UC to talk the UC out of his continued sexual abuse of his 10-year-old child. DOHERTY said that under no circumstances would he have reported the UC to the police for raping his (the UC's) 10-year-old child because that would be "hypocritical." DOHERTY said that earlier in the day as he drove four hours from Miami, Florida, to Lake Mary, he stopped at a Disney store and bought a dress for the UC's 10-year-old child. DOHERTY could not explain why he bought a dress for a child he said he never intended to meet.

## CONCLUSION

13. I believe there is probable cause that **MICHAEL DOHERTY**, using a facility and means of interstate commerce, that is, the Internet and cell phone, did knowingly attempt to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which any person could be charged with a criminal offense under Florida law, that is, Lewd or

Lascivious Battery, a violation of Fla. Stat. § 800.04, all in violation of Title 18, United States Code, Sections 2422 (b).

_____
Rod Hyre, Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before
me this 9th day of April, 2015.

_____
The Honorable Thomas B. Smith
United States Magistrate Judge